## Daniel L. Shotwell v. Charles A. Harrison.

*Finding of facts: Evidence.* The finding of the circuit judge upon the facts, where the case has been tried by the court without a jury, is conclusive where there is any evidence to support it; and the weight of the evidence will not be considered on error.

*Unrecorded deed: Notice: Bona fide purchaser.* One who has notice of a prior unrecorded deed is not at liberty to rely, without further inquiry, upon a search of the records, and the fact that no such deed is found recorded; and one who purchases with such notice, and upon such search, is not entitled to be considered a *bona fide* purchaser. *Barnard v. Campau, 29 Mich., 162,* affords no support to a contrary doctrine.

*Heard July 9. Decided October 7.*

Error to Van Buren Circuit.

*Richards & Barnum* and *E. Bacon,* for plaintiff in error.

*George W. Lawton,* for defendant in error.

COOLEY, J.

The controversy in this case relates to lands in Van Buren county, originally taken up by Thomas B. Millard, by whom two deeds have been given to different parties. The first was given August 15, 1837, to Horatio N. Monroe, under whom Harrison claims. This was not recorded in Van Buren county until February 25, 1868, though it was recorded in Barry county, where some lands covered by it were situated, soon after its execution. The second was made January 4, 1865, to Thomas Silliman, and was duly recorded the next day. Shotwell claims under this, through intermediate conveyances to Mary Conway and David Bacon, successively. The judge, who tried the case without a jury, found, as facts, that S. T. Conway, the husband of Mary Conway, and who also joined with her in a deed to Shotwell, negotiated for his own advantage and purposes the conveyances from Millard to Silliman, from Silliman to Mary Conway, from Mary Conway to Bacon, and from Bacon to Shotwell, and that he had full notice

of the deed from Millard to Monroe; that neither Silliman, Mary Conway, nor Bacon, was a *bona fide* purchaser, and that Shotwell had actual notice of the deed from Millard to Monroe, long before he purchased the lands, and consequently was not a purchaser in good faith.    In the record, as returned here, there is evidence in support of each of these findings, and we are therefore concluded by them. It is immaterial to the case in error whether we should have reached the same conclusion on the evidence or not; we are at liberty to review the case on questions of law only, and cannot substitute our judgment on the facts for that of the circuit judge.

It is urged by the counsel for the plaintiff in error, that notice to him of a previous conveyance by Millard could only put him to the necessity of an examination of the record, and if he found the notice unsupported by the record, he was at liberty to disregard it.    This position is supposed to receive support from the case of *Barnard v. Campau, 29 Mich., 162.*    The case is not in point.    The notice there was, that certain lands had been levied upon, but a reference to the notice of levy, which had actually been made a matter of record, showed the contrary, and thus disproved the oral notice.    The doctrine of that case is, that a party notified of a fact supposed to be shown of record, if he resorts to the record and finds the notice disproved, is under no obligation to look further, on an assumption that the record may be erroneous.    The facts in this case are entirely different. The notice to Shotwell, and to the parties under whom he claimed, was not of a deed recorded, but of a deed not recorded.    The record, consequently, did not disprove the fact of which they were notified, but was merely silent on the subject; and to hold that they might rely upon it, without further inquiry, would be equivalent to holding that notice of an unrecorded deed must always be ineffectual,—at least, unless the deed itself is produced.    The authorities warrant no such doctrine, and it is inconsistent

with the statute itself, which defeats such unrecorded deeds only at the instance of subsequent purchasers in good faith whose deeds are duly recorded. There is no ground for saying that one is a purchaser in good faith, who, being notified of an unrecorded deed, and having the means of determining the truth of the notice, instead of making use of such means, resorts only to a record which can give him no information respecting unrecorded instruments, and then purchases in disregard of the rights of the real owner. A second purchaser defeats the first conveyance only by bringing himself within the letter of the statute; but he is not within it, if, knowingly, he buys of one who has no title to sell.

The judgment must be affirmed, with costs.

The other Justices concurred.