## Marcus Young v. John R. Taylor.

*Declaration: Special count: Assumpsit: Common counts: Misjoinder.* A count the gist of which is that the parties agreed to make a joint purchase of certain land, each to pay one-half the price, and that defendant made the purchase for fifteen hundred dollars but represented to plaintiff that the price paid was two thousand dollars and thereby induced him to pay one thousand dollars instead of seven hundred and fifty dollars as his share, and which seeks to recover back the amount thus procured from the plaintiff in excess of his share of the actual purchase price, with interest thereon, embodies the substance of a good count in assumpsit, and may properly be joined with the common counts.

*Judgment not supported by evidence: Record: Weight of evidence: Error will not be presumed.* An objection that the judgment is not supported by the evidence cannot prevail where the record does not show that all the evidence is reported and where the evidence reported has some tendency to support the finding. The weight of the evidence will not be considered, nor will error be presumed.

*Heard January 18. Decided January 23.*

Error to St. Clair Circuit.

*Atkinson & Stevenson,* for plaintiff in error.

*Whipple & Potter,* for defendant in error.

36 MICH.—4.

GRAVES, J:

Taylor sued Young on the common counts, and joined a special count therewith.

Young demurred, and assigned for cause, that the special count was in tort, and that there was consequently a misjoinder of causes of action. The court overruled the demurrer, and Young pleaded over to the merits.

The cause was then tried without a jury, and the judge made a general finding in favor of Taylor for two hundred and ninety-four dollars, and judgment was entered upon it. No special findings were made. A point was made upon the alleged misjoinder of causes of action at the trial, and it is now insisted on. The special count which gives rise to the objection is certainly very inartistic and not to be commended. It does not, however, set up a cause of action in tort. On the contrary, we think it embodies the substance of a good count in assumpsit. The gist of it is, that the parties agreed to make a joint purchase of certain land, and that each should pay one-half of the price; that Young made the purchase for one thousand five hundred dollars, but informed Taylor that the price was two thousand dollars, and thereby induced him to pay one thousand dollars instead of seven hundred and fifty dollars as his share. The right to the amount thus caused to be paid by Taylor over his share, with the interest, is then demanded, and apparently upon the principle that the tort imputed to Young might be waived by Taylor, and a right of action asserted against Young as upon a promise. The theory is not wrong. We cannot say therefore that there was a misjoinder of causes of action.

It is alleged for error that the judgment is not supported by the evidence. The record does not show that all the evidence is reported. The case contains the general finding made by the judge, and a bill of exceptions, and we cannot say that the evidence returned afforded no basis for the finding. We cannot go behind that and weigh the evidence.

The claim that there was no evidence that Taylor suffered damage, is without force for the reasons just stated. This disposes of the assigned errors.

The judgment must be affirmed, with costs.

The other Justices concurred.