JONAS R. LEARNED v. FREDERICK S. AYRES, JAMES S. AYRES AND EBENEZER R. AYRES.

*Individual partners cannot be sued by the firm.*

The assignor of a partnership interest cannot be sued by his assignee and the remaining partners on a claim held by the original firm against him.

An assignee cannot sue where his assignor could not.

The settlement of claims as between a firm and single partners where there are more than two, belongs to a court of equity, and in case of a claim by the firm against one of them, should be disposed of on a general accounting.

A joint owner of a cause of action cannot introduce a new joint owner into the contract by individual assignment.

Error to Huron. Submitted Oct. 9. Decided Oct. 21.

ASSUMPSIT. Defendant brings error.

*Winsor & Snover* and *W. T. Mitchell* for plaintiff in error. Accounts between a partner and the firm must be adjusted in equity, Pars. on Partnership, 268, n. *f;* 282,

n. *g;* the settlement as between partners, of balances due on partnership account, can be enforced only by bill in equity or an action of account, *Collamer v. Foster,* 26 Vt., 754; *Niven v. Spickerman,* 12 Johns., 401; partners cannot generally sue each other at common law, *Casey v. Brush,* 2 Cai., 296; and without proof of an express promise to pay they cannot sue each other on a stated account, *Murray v. Bogert,* 14 Johns., 318; *Halstead v. Schnelzel,* 17 Johns., 80; *Westerlo v. Evertson,* 1 Wend., 532; nor bring assumpsit on a balance due on a settlement of their partnership account, *Killam v. Preston,* 4 W. & S., 14; *Gulick v. Gulick,* 14 N. J. Law, 578; *Chase v. Garvin,* 19 Me., 211; *Burley v. Harris,* 8 N. H., 233; *Estes v. Whipple,* 12 Vt., 373; *Stothert v. Knox,* 5 Mo., 112; *Graham v. Holt,* 3 Ired., 300; *Davenport v. Gear,* 2 Scam., 495; *Dewit v. Staniford,* 1 Root (Conn.), 270; *Lamalere v. Caze,* 1 Wash., 435; *Kennedy v. M'Fadon,* 3 Har. & J., 174; *Murray v. Bogert,* 14 Johns., 318; *Young v. Brick,* 2 Penn., 663; *Hall v. Clagett,* 48 Md.; assumpsit cannot be maintained by two partners against a third after the firm is dissolved, unless there has been a final settlement and a distribution of the property sued for to the persons suing, or a promise by defendant to pay them as an individual, *Riarl v. Wilhelm,* 3 Gill, 356; where there are more than two partners an action will not lie for the settlement of a partnership account, but only a bill in chancery, *Beach v. Hotchkiss,* 2 Conn., 425; *Austin v. Vaughan,* 14 La. Ann., 43, and even though the partnership may have ended, there must have been a settlement of the partnership affairs and a balance struck, *Attwater v. Fowler,* 1 Hall, 180; assumpsit lies for a final balance only on full settlement of all the partnership transactions and where judgment will preclude any farther cause of action, Collyer on Partnership, 245, § 281, n. 1; *Williams v. Henshaw,* 11 Pick., 81; *Dickinson v. Granger,* 18 Pick., 315; *Rockwell v. Wilder,* 4 Met., 561; *Jones v. Harraden,* 9 Mass., 540; *Brigham v. Eveleth,* 9 Mass., 538;

*Bond v. Hays,* 12 Mass., 34; *Wilby v. Phinney,* 15 Mass., 116; *Chandler v. Chandler,* 4 Pick., 78; *Robinson v. Williams,* 8 Met., 454.

*James H. Hall* and *Atkinson & Atkinson* for defendants in error. An action at law can lie as between partners where there are only two, although there has been no settlement, *Bennett v. Smith,* 40 Mich., 211.

CAMPBELL, C. J. Jonas R. Learned, who had been a partner of Frederick and James S. Ayres, transferred his interest to Ebenezer R. Ayres. His private account with the firm before this sale showed a balance against him. For this balance the three defendants in error, as partners, sued him and were allowed to recover a portion of that amount. The only ground of liability set up was that this was one of the firm assets. If so, the original owners of the debt were Learned himself and his co-partners. They could not have sued him at law on the claim, because a man cannot sue himself, and it is not possible for an assignee to sue when his assignor could not do so. If he could do so, it would not help this case, because the whole claim has not been assigned, and there is no principle which will allow a joint owner of a cause of action by individual assignment to introduce a new joint owner into the contract.

Moreover it is a general rule of the law of partnership that the whole settlement of claims between the firm and single partners belongs to a court of equity, where there are more than two partners, and must be disposed of in such transactions as the present on a general accounting. *Elder's Appeal in Rosier's Estate,* 39 Mich.

There is no principle which will sustain the recovery for the item referred to or any part of it.

The judgment must be reversed with costs, and a new trial granted.

The other Justices concurred.