JAMES P. GARDINER v. HIRAM B. FARGO AND FRED. B. PECK.

*Set-off—Partnership settlement—Individual debts.*

1. The statutory right of offset is meant to save the expense of litigation by cross actions ; it does not exist where defendant could not sue at law for the demand he seeks to set off, and it cannot therefore extend to the settlement of accounts between partners.

2. A partner after drawing cheques upon the funds of the firm for his personal use, and charging them against himself, was succeeded by another partner, and sold out his interest to the new firm. *Held,* that the new firm could not sue him at law for the amount of the cheques, nor use them as offset against an action brought by him against the firm; the mutual liabilities of the old firm should be settled by an accounting.

3. A partner's sale of his interest in the assets of the firm does not, it seems, assign his personal indebtedness thereto unless the instrument of transfer expressly includes it.

Error to Allegan. (Arnold, J.) June 10.—Sept. 29.

ASSUMPSIT. Defendants bring error. Affirmed.

*Smith, Nims, Hoyt & Erwin* for appellants. A partner who has gone out of the firm and sold his interest to the new firm, must turn over the entire assets, including all money which he has previously chequed out in the firm name to pay personal debts : *Trump v. Baltzell* 3 Md. 295 ; *Chandler v. Dorsett* Finch 431 ; *Spittal v. Smith* Taml. 45 ; there is no occasion for an accounting in equity : *Wheeler v. Arnold* 30 Mich. 304; *Russell v. Grimes* 46 Mo. 410 ; *Hunt v. Rogers* 7 Allen 469 ; *Edwards v. Remington* 51 Wis. 336; any balance standing to the credit of the firm in bank passes by the assignment to the defendants : *Burress v. Blair* 61 Mo. 133 ; assumpsit lies against a copartner for money paid him on a dissolution and adjustment of the concerns of the co-partnership more than was actually due : *Bond v. Hay* 12 Mass. 34 ; *Beidler v. Shallenberger* 42 Ia. 203.

*Pope & Hart* for appellee, cited upon the settlement of a partner's accounts with the firm, *Oven v. Hetherington* 66 Ind. 365 ; 2 Lindley on Partnership 698; *Coffing v. Taylor* 16 Ill. 457 ; *Hasselman v. Douglass* 52 Ind. 252 ; *Murdock v. Mehlhop* 26 Iowa 213 ; *Beckley v. Munson* 22 Conn. 299 ; *Finlay v. Fay* 17 Hun 67 ; *Learned v. Ayers* 41 Mich 677 ; *Headley v. Shelton* 51 Ind. 388.

CHAMPLIN, J. This action is assumpsit to recover the amount due upon a joint and several promissory note made by the defendants and payable to the plaintiff. The defendants pleaded the general issue, with notice of set-off, and filed a bill of particulars containing their matters of set-off.

The plaintiff and defendant Fargo, on the 19th day of March, 1884, were copartners in business in Muskegon, Michigan, and had been for about one year prior thereto, prior to which time Gardiner had been conducting the business alone. On the 19th day of March, 1884, the defendants purchased of the plaintiff all the goods, personal property, fixtures, book accounts of every kind and nature, of the firm of Gardiner & Fargo, as far as the interest that the plaintiff as copartner with said Fargo had therein; and also plaintiff's interest in the book accounts owned by the said

Gardiner & Fargo. The plaintiff and defendant Fargo, at the same time, and as a part of the transaction, executed and delivered receipts in full to each other, acknowledging full settlement and satisfaction of all their dealings with each other, and dissolving the copartnership theretofore existing between plaintiff and defendant Fargo. The note in question was given by the defendants to the plaintiff as a part of the purchase price on said sale. The defendants in the court below sought to set off against their note declared upon by plaintiff several cheques drawn by the firm of Gardiner & Fargo (as it was claimed) upon the funds of the firm, and which were used by plaintiff to pay his individual indebtedness while plaintiff and defendant Fargo were copartners. These cheques were drawn either by the plaintiff or by the book-keeper of the firm of Gardiner & Fargo. The stubs of the cheques, which were in the store and among the books and papers belonging to and used by the firm of Gardiner & Fargo, showed upon their face what bills, and to whom, they were drawn to pay, and a memorandum was left on all the stubs of the cheques except two, " Chg. J. P. G." thus showing that they were to be charged in the accounts of the firm to the plaintiff, James P. Gardiner, and that all these stubs showed that the cheques were drawn to pay bills of the plaintiff.

To the offer of the several cheques in evidence, designated in the bill of exceptions by numbers from 1 to 12 inclusive, the plaintiff's counsel objected for the reason that the evidence offered was immaterial and irrelevant, because by the terms of the bill of sale from the plaintiff to defendants, already in evidence, no indebtedness of the plaintiff owing to the firm of Gardiner & Fargo was transferred thereby to the defendants, and that the several cheques, or the amounts thereof, were not a proper set-off against the plaintiff's claim on the note sued upon in this case ; which objection was sustained by the court. The defendants also offered to show that the plaintiff, while he and defendant Fargo were copartners, took fifty-one gallons of oil belonging to the firm of Gardiner & Fargo, of the value of $6.63, and that no

memorandum of this fact appeared on the books of the firm, and that defendants had no knowledge of the same until they had bought the interest of plaintiff. This offer was also objected to as not proper set-off and the testimony refused. The several cheques were again offered as set-off on the part of defendant Fargo, and the testimony objected to as not being proper matter of set-off on the part of defendant Fargo. All these offers and refusals of the testimony are the grounds on which the first, second, third and fourth errors are assigned.

The defendants' claim, as quoted from their brief, is that "the defense does not consist of a set-off by an account owing by the plaintiff to one of the defendants and appearing on the books of the firm, and is in no way governed by *Learned v. Ayres* 41 Mich. 677, or similar decisions cited by plaintiff, but rather an attempt to show that the plaintiff owes a legal duty to the defendants to deliver to them the merchandise and pay to them the money drawn from the firm's funds. Where there is a duty, there is a corresponding liability. The plaintiff and defendant Fargo having been copartners, it must be presumed that each had a knowledge of the sum contributed by each, the amount of profits, expenses and losses, and the sum drawn by each during the existence of their copartnership, and the knowledge of these facts, together with what all had a right to assume,—good faith and open dealing between the partners,—the value of each partner's interest in the concern was easily ascertained. The partnership assets consisted of merchandise, credits and moneys. It cannot be important where the merchandise, credits or money happened to be at the time of sale. So long as they belonged to the copartnership, Gardiner's interest in all passed by the sale to the defendants."

The presumption of knowledge of the facts above stated, coupled with the terms of the written assignment, in which it is expressly stated that Gardiner grants and conveys all the goods, personal property, fixtures, book accounts, of every kind and nature, of the firm of Gardiner & Fargo, "*as far* as the interest that the said James P. Gardiner, as copartner, has therein," is conclusive that

the indebtedness of Gardiner to the firm was not sold or assigned. The indebtedness appeared upon the check-book of the firm, and it is presumed that at the time of the sale of Gardiner's interest in the firm assets it was known to both partners, and it is not included in the bill of sale. The liability, if any existed, did not pass by the sale and assignment. Whether there was a liability in fact could only be ascertained after an accounting. If that should develop the fact that Fargo was also indebted to the firm in an equal or greater amount, what appears as a liability of Gardiner would disappear. The right of offsetting a liability or demand against the plaintiff is a statutory right, and the claim must be such as the statute permits to be set off. The statute is not broad enough to extend to settlement of accounts between partners. The object of the statute is to save the expense of litigation in cross-actions, and does not exist in cases where the defendant could not bring an action at law to recover the demand sought to be set off from the plaintiff. These defendants could not bring an action at law against Gardiner to recover the amount of the checks as the individual indebtedness of Gardiner to the firm of Gardiner & Fargo. *Learned v. Ayres* 41 Mich. 677. Neither can they make the defense available as a set-off in a suit by him against them to recover the amount of the note in question.

The other items of set-off were submitted to the jury under proper instructions.

The judgment of the circuit court must be affirmed.

The other Justices concurred.