## DONALD L. THOMPSON v. JOHN F. HOMAN.

*Findings of fact—Weight of evidence.*

In this case it is held that there was testimony supporting or tending to support each and all of the findings of fact, and that it is for the trial judge to weigh the evidence. No questions of law are involved, except as stated.

Error to Kent. (Grove, J.) Submitted on briefs June 12, 1889. Decided October 25, 1889.

*Assumpsit.* Defendant brings error. Affirmed. The facts are stated in the opinion.

*C. C. Howell*, for appellant

*Ward & Ward*, for plaintiff.

SHERWOOD, C. J. This suit was an action in *assumpsit* for work and labor of the plaintiff alleged to have been performed for the defendant, a portion of which was charged for by the hour, at 40 cents per hour, and the other service is charged for by the week, at $25 per week, and for which the plaintiff claimed he had such an agree-

ment with the defendant. A set-off was noticed under the general issue pleaded by the defendant.

The cause came to the Kent circuit by appeal from a justice's court. Upon the trial in the circuit, which was had before the court without a jury, the plaintiff obtained judgment for $141.92. The defendant presents the case in this Court upon a record containing all the testimony for review.

The circuit judge, after hearing the evidence in the case, made the following findings of fact:

"1. That on the seventh day of November, 1887, the plaintiff, at the request of the defendant, commenced to work in the defendant's store, in the city of Grand Rapids, and continued to work in said store each day until the thirteenth day of November, 1887, and that the number of hours of labor performed by him during that time was 57, for which the plaintiff charged the defendant 40 cents an hour, or $22.80, under an agreement between the said parties that the said defendant should pay the plaintiff that price for said work, and that the court finds that the services so performed were of the value of $22.80, which the plaintiff is entitled to recover from the said defendant in this court.

"2. The court further finds that on the fourteenth day of November, 1887, at the special instance and request of the defendant, the plaintiff commenced to work in the defendant's store by the week, under an agreement between the plaintiff and the defendant that the plaintiff should receive the sum of $25 per week for such services, and work continuously by the week until the fourth day of June, 1888, for which he charged the defendant $25 per week under said agreement.

"3. The court further finds from the evidence that the plaintiff's said services were worth the sum of $25 a week, and that the plaintiff is entitled to receive in this case the sum of $25 per week from the seventh day of November, 1887, to the fourth day of June, 1888, less the payments which were made by the defendant to the plaintiff from time to time, to apply upon this account. And, after deducting the payments which were so made, there remained on June 5, 1888, a balance due to plaintiff from the defendant of $141.92."

It is claimed by counsel for the defendant that the evidence does not support these findings. There was testimony in the case supporting, or tending to support, each and all of the findings, and that is as far as we can go upon that point, however much we might feel dis_ posed to differ with the learned circuit judge. The weight of the evidence was for him, and not for us, to determine. This assignment of error cannot be sustained upon the record.

Four exceptions were taken to rulings of the court in admitting the testimony. We have examined each of these, and have been unable to perceive that any error was committed by the court, under these exceptions, which could have prejudiced the rights of the defendant.

The judgment must therefore be affirmed.

The other Justices concurred.