CLARENCE A. FELLOWS v. CHURCHILL H. THRALL.

*Partnership—Firm debt—Liability of individual partner—Account stated—Consideration.*

1. An essential element of an account stated is a statement of the account.

2. One member of a partnership, which is indebted to *two* of its four members for money loaned the firm, and agreed to be repaid out of the first net profits realized from the firm business, cannot be held individually liable for a proportionate share of the debt, unless something is done to change its form.

3. In such a case a promise contained in a letter written to one of said two copartners by such member on the sale of his interest in the firm business and assets to a stranger, who takes his place in the firm by consent of his copartners, except as to liability for said debt, that on receiving payment from such purchaser he will pay to said two partners his share of said debt, is wholly without consideration.

85 MICH.—11.

Error to Mecosta. (Palmer, J.) Argued February 6, 1891. Decided April 17, 1891.

*Assumpsit.* Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*F. A. Mann,* for appellant, contended:

1. The $5,000 was simply a loan, and it has been often held that a partner may loan money to the firm or have other dealings with it which are not subject to an accounting, and he has the right to enforce claims of this kind in a court of law; citing *Carpenter v. Greenop,* 74 Mich. 664.

2. Under the arrangement between the parties by which Walmsley succeeded defendant in the firm, no accounting was contemplated, the sale being of all of defendant's interest in the firm assets, and which were held by the new firm, which was subject to the liabilities of the old one except as to the single item of $5,000, and as to this defendant promised to pay his proportionate share, to recover which an action at law was permissible; citing Bates, Partn. § 866; *Musier v. Trumpbour,* 5 Wend. 274; *Westerlo v. Evertson,* 1 Id. 532.

3. The original contract of partnership was terminated by the dissolution of the firm by the retirement of the defendant, and the $5,000 became at once due and payable, and the defendant's proportionate share became a personal liability, and this one item he agreed to pay to Fellows and Deming. It was in the carrying out of this agreement that a difference arose as to the proper computation. But there is no doubt from the record as to what the defendant ought to pay, and promised and intended to pay, and, having paid in part, on his refusal to make full payment plaintiff could bring this action; citing *Paine v. Thacher,* 25 Wend. 450.

4. The trial judge held that an account stated, or a balance struck which will sustain an action on an account stated, must be a balance ascertained by computation carried out, and the conclusion arrived at from the computation actually set down in figures. It is true the books frequently say that to constitute an "account stated" there must be a "balance struck," but these authorities do not mean what was claimed for them in the court below. The true rule is that if the items have all been mutually ascertained, and nothing remains but a simple computation from the agreed figures or the correction of a footing, this is sufficient; citing Bates, Partn. § 860.

5. To the point that the plaintiff may recover under the common counts on the account stated, counsel cited *Chace v Trafford*, 116 Mass. 529 (17 Am. Rep. 171); *Miner v. O'Harrow*, 60 Mich. 93; *Stevens v. Tuller*, 4 Id. 387.

*R. R. Pealer*, for appellant.

*Dumon & Cogger*, for defendant, contended for the doctrine of the opinion.

McGRATH, J.   This cause was commenced in justice's court.   The plaintiff declared orally on all the common counts.   Defendant pleaded the general issue.   Judgment was rendered against plaintiff, and he appealed to the circuit, where judgment was rendered for defendant, and plaintiff appeals.

The case was tried in the circuit by the court, and comes here upon findings and exceptions to the court's conclusions of law only.   The court finds:

1. That under the date of April 18, 1888, Clarence A. Fellows, the plaintiff in this suit, Churchill H. Thrall, the defendant, Flavius J. Groner, and Wilson W. Deming entered into an agree_ment in writing, whereby they became copartners in business under the firm name and style of the Big Rapids Lumber Company; that by the terms of said articles of copartnership it was agreed, among other things, that the copartnership was "owing the sum of $2,500 each to said Wilson W. Deming and C. A. Fellows for moneys at this date advanced by them as a loan to said copartnership, which said indebtedness to said Deming and Fellows it is agreed and understood shall be repaid to them, with interest at the rate of six per cent. per annum, out of the first moneys accruing from the profits of said copartnership business after paying and discharging all other indebtedness and obligations outstanding against said copartnership, and not before that event shall said Deming and Fellows be repaid the aforesaid loan."

"2. February 5, 1889, Churchill H. Thrall, the defendant herein, with the knowledge and consent of his copartners, sold and conveyed to Walmsley his entire interest in said firm, who at said time became a member thereof in place of said Thrall, subjecting himself to the same liabilities, and assuming his proportionate share of the liabilities of said firm, except the liability of $2,500 due C. A. Fellows, and $2,500 due to W. W. Deming, mentioned in the aforesaid copartnership agreement, amounting in the aggregate to the sum of $5,000.

"3. Under date of February 9, 1889, Churchill H. Thrall, the defendant, wrote a letter to the plaintiff, which was received by him, wherein he stated that Mr. Walmsley had closed a contract with him for the purchase of his interest in the Big Rapids Lumber Company, and that Mr. Walmsley was to pay him on the 1st day of March, and that he then would pay him, the plaintiff, and Mr. Deming, his share of the $5,000 advanced to the Big Rapids Lumber Company, which letter was signed by the defendant.

"4. Under date of March 1, 1889, Churchill H. Thrall, who had retired from said firm, which was before that time indebted to said Fellows and Deming in the sum of $5,000, as last aforesaid, computed his proportionate share of said indebtedness, which, with interest thereon, he made $1,037.83, and procured from the Northern National Bank of Big Rapids a certificate of deposit for said amount, payable to his order, which he indorsed over to said Fellows and Deming in the following words: 'Pay to the order of Wilson W. Deming and Clarence A. Fellows, in full payment of C. H. Thrall's share of the $5,000 advanced by said Deming and Fellows to Big Rapids Lumber Company, as per written articles of copartnership of April 18, 1888, between said Deming, Fellows, Groner, and Thrall,' signed, 'C. H. Thrall,'—which said certificate was mailed to Fellows, and received by him, and indorsed by both Fellows and Deming, who received the money thereon.

"5. Under date of March 5, 1889, Fellows acknowledged receipt of aforesaid certificate of deposit, but claimed that the amount was incorrect; to which, under date of March 8, Thrall replied insisting upon the correctness of the amount, but, if not, they would get together, and ascertain the correct amount.

"6. June 16, 1889, Deming assigned to Fellows, the plaintiff herein, his claim of $2,500; and July 2, 1889, at the time this suit was commenced, said firm as originally formed, of· which both plaintiff and defendant were members, was indebted to said Fellows in the sum of $5,000. No accounting had ever been had between said copartners, nor between said Fellows and Thrall, with reference to the indebtedness, except the computation made by Thrall as aforesaid, to which Fellows dissented; but notwithstanding, both he and Mr. Deming indorsed the certificate of deposit sent to them as aforesaid, and retained the money thereon.

"7. I find, as a conclusion of law, that the indebtedness aforesaid, nor any portion thereof, never became the individual indebtedness of the defendant, Churchill H. Thrall, and that said defendant in his individual capacity cannot be held liable thereon except to the extent already paid."

The case is clearly within the principle laid down in *Learned v. Ayres,* 41 Mich. 677. The original indebted-

ness rested in the partnership agreement. It was payable from the profits of the business, but at no definite time, by the firm, to two of its members. Nothing occurred to change the form of the debt. Defendant's letter of February 9, if a promise, was one wholly without consideration. It lacked the essential element of an account stated, viz., a statement of the account. The minds of the parties never met as to the amount promised to be paid, as the subsequent conduct of the parties clearly shows.

The judgment is affirmed, with costs.

CHAMPLIN, C. J., MORSE and GRANT, JJ., concurred. LONG, J., did not sit.