ALBERT W. LOBDELL .v. FRANK A. BALDWIN AND VICTOR M. TUTHILL.

*Partnership—Sale of interest by member—Accounting—Action at law—Practice in Supreme Court—Findings of fact.*

1. Special findings of fact are to be considered in the nature of a special verdict, and are controlling if the evidence has some tendency to support them; citing *Burk v. Webb,* 32 Mich. 173; *Shelden v. Dutcher,* 35 Id. 10; *Young v. Taylor,* 36 Id. 25.

2. One of five partners sold to two of his copartners all of his interest in the firm business and property, subject to the right to receive certain commissions before then earned by him on the sale of an article manufactured by the firm, which the two partners agreed to pay when the commission orders were paid by the purchasers. The retiring partner sued the two partners to recover said commissions, and the trial court found that the plaintiff had been paid a portion of the commissions by the firm by way of advancements made before the sale to the defendants, and that the remaining order on which a commission was claimed had not been paid when the suit was commenced. And it is held that the claim of the plaintiff that the sale operated as a dissolution of the firm, and an assignment only of plaintiff's share of any surplus there might be in the firm's assets after its debts were paid and an accounting had as to each member, and that therefore the question of the payment of the commissions of the firm could only be disposed of on a general accounting in a court of equity, is untenable, and a judgment in favor of the defendants is affirmed.

Error to Kent. (Grove, J.) Submitted on briefs October 26, 1892. Decided December 2, 1892.

*Assumpsit.* Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*Maher & Salsbury,* for appellant.

*Dunham & Preston,* for defendants.

LONG, J. This cause was tried before the court with-

out a jury, and findings of fact and law made. Judgment was rendered in favor of the defendants.

It appears that on September 9, 1889, the parties to this suit, together with M. D. Baldwin and J. B. Rhodes, formed a copartnership under the name of Baldwin, Rhodes & Co., and engaged in the manufacture and sale of saw swages. They continued in business to April 6, 1891. The plaintiff was acting in the capacity of agent for the firm in the sale of swages, and was to receive a commission from the firm of 33⅓ per cent. upon all swages sold by him, after and when each swage was fully paid for. Upon April 6, 1891, plaintiff sold all his interest in said copartnership to the defendants in this suit, who are two of the copartners in said firm, for the sum of $1,700, giving a bill of sale of such interest, which, by its terms, conveys all and every interest the plaintiff had in the firm of Baldwin, Rhodes & Co.[1]

The court found that the plaintiff sold swages to Sallette & Chittenden and the Poplar Bluff Lumber Company, upon which he was entitled to receive commissions of $25 each; that he also sold swages to S. Spangler and to the Ouelette Curphy Lumber Company, upon which he was entitled to receive $15 each, under his contract with Baldwin, Rhodes & Co.; that said swages were not paid for on April 6, 1891, but were afterwards, and before the commencement of this suit; that the plaintiff sold a swage to B. T. Rathbun, which has not yet been paid for; that at the time the suit was commenced the firm of Baldwin, Rhodes & Co. had fully paid the plaintiff his commissions for the sale of swages to Sallette & Chittenden, the Poplar Bluff Lumber Company, S. Spangler, and the Ouelette Curphy Lumber

---

[1] The bill of sale contained the following clause: "Reserving, however, my right to certain commissions on the sale of swages made by me, and unpaid for at this date, and which commissions said Tuthill and Baldwin agree to pay when said commission orders are paid."

Company, by advancements, and by cash collected and retained by him which belonged to the firm, prior to April 6; these cash items being as follows:

To cash for trees ............................................. $ 2 25
"    "    from Louch ....................................... 4 00
"    "    to Mrs. Lobdell, by daughter ................. 10 00
"  cartage ..................................................... 25
"  cash ................. ....................................... 40 00
"    "    from Schultz ...................................... 12 00
"  1 anvil ..................................................... 5 00
"  one-half Campbell note .............................. 12 50
"  cash, freight, Corditt ................................. 1 72

That the several items above specified were all charged by the defendants against the plaintiff generally, but that it was expressly agreed between the firm and the plaintiff that said several items might be deducted from plaintiff's commissions for the sale of swages. It was also found that the firm of Baldwin, Rhodes & Co., since April 6, 1891, had paid nothing whatever to the plaintiff for or on account of commissions earned by him in the sale of swages.

As conclusions of law the court found that the plaintiff was not entitled to recover against the defendants for his claimed commissions upon sales to the parties above named, for the reason that such commissions had been paid by the firm prior to April 6, 1891. As to the sale to Mr. Rathbun, the court concluded that no recovery could be had, for the reason that the firm had not yet received pay for the swage.

When the findings were filed, plaintiff's counsel requested the court to amend them by including therein the following statements:

" The books of account of said firm of Baldwin, Rhodes & Co. were kept by the defendant Frank A. Baldwin, and each member of the firm was charged in account with the sum of one thousand dollars ($1,000) as capital stock, and credited with various amounts paid or credited thereon

from time to time. All of the members of the firm were charged, from time to time, with various items in their respective accounts, which were offset in the accounts by credits whenever the respective parties became entitled to credits in their dealing and accounting with the firm. Each and every one of the matters and items which are found and treated as payments by the firm of Baldwin, Rhodes & Co. to the plaintiff of his commissions, as set forth in the findings herein, are matters for which it is claimed on the part of the defendants that the firm of Baldwin, Rhodes & Co. had made advances or paid money to or for the plaintiff at his request, and the same were charged to him upon the books of said firm, in the plaintiff's general account with said firm upon said books, at and prior to the time that the plaintiff sold and transferred his interest in said firm and its effects to the defendants, on the 6th day of April, 1891."

This was refused, and exception taken. Exceptions were also taken to the findings:

1. That Baldwin, Rhodes & Co. had fully paid the plaintiff his commissions upon the sale of swages to Sallette & Chittenden, the Poplar Bluff Lumber Company, S. Spangler, and the Ouelette Curphy Lumber Company.

2. That it was expressly agreed between the firm of Baldwin, Rhodes & Co. and the plaintiff that the several items set forth in the findings might be deducted from plaintiff's commissions.

A specific exception was also taken to the items heretofore set forth, and also to the conclusions of law and the judgment.

Frank A. Baldwin, one of the defendants, was called as a witness, and asked:

"Q. Now, during the time Mr. Lobdell was selling swages under that arrangement, did he make any application to the firm for advances on account of his commissions?

"A. He did, from time to time, make application, on the ground that he had not money enough to go out and pay his expenses, and he wanted money advanced; and he said that any advances should be deducted from his commissions as they came in, taking his first commissions. * * * Those items were kept separate. There was

an arrangement—a positive agreement—made with them all that all moneys that I advanced should be charged up to his commissions. I was the general manager of the business of Baldwin, Rhodes & Co."

Some other testimony of like character was given by the defendant Tuthill. It is said, however, that defendant Baldwin corrected his testimony under cross-examination, by saying that the advances should be deducted out of *any* money that might come to him, commissions or dividends, or any money that might come to his credit. We cannot, however, weigh this testimony, or examine into it, and say that upon it we might have found the fact different from the conclusion reached by the circuit judge. All special findings of fact by the trial court are to be considered in the nature of a special verdict, and, if the evidence has some tendency to support the findings, they are controlling. *Young v. Taylor,* 36 Mich. 25; *Burk v. Webb,* 32 Id. 173; *Shelden v. Dutcher,* 35 Id. 10. The same might be said of the special exceptions taken to the different items of the above account. If the firm of Baldwin, Rhodes & Co. or the defendants had authority to deduct these advances, and also the different items of the account, from plaintiff's commissions, they were properly deducted, and the court was not in error in making the deduction. We find some evidence to support that finding.

It is said, however, that the transfer of the plaintiff's interest in the effects and business of Baldwin, Rhodes & Co. to the defendants operated as a dissolution of the firm; that the bill of sale amounted to an assignment only of plaintiff's share of any surplus there might be in the firm assets after the firm debts were paid, and an accounting had as to each member of the firm; that, therefore, the questions here could only be disposed of upon a general

accounting, which must be had in a court of equity.[1]  This is not in accordance with the terms of the bill of sale, by which the plaintiff sold and disposed of to the defendants all his rights and interests in the firm property and effects. He had no further rights therein, except to have paid over to him any commissions which he had earned upon the sale of swages before that time, and for these he was to be paid only when the same were paid in to the firm; and, the court below found that even these amounts had been advanced to him under an arrangement with the manager of the firm's business, one of the defendants in this case. The plaintiff is not in a position to assert that the firm was dissolved by his retirement from it. He was paid his share and retired. If the other partners concluded to go on with the business, he could raise no objection. The firm owed him nothing, except to pay over the commissions which he had before that time earned, and these were certain in amount, and, according to the testimony of Frank A. Baldwin, had been fully paid. He is not entitled to an accounting, and the court very properly refused the findings of fact tendered by his counsel. As this must dispose of all the other questions raised, we need not discuss them.

Judgment is affirmed, with costs.

The other Justices concurred.

[1] Counsel cited in support of this contention: 5 Wait, Act. & Def. 136; 17 Amer. & Eng. Enc. Law, 1099; *Learned v. Ayres*, 41 Mich. 677; *Hutchinson v. Dubois*, 45 Id. 143; *Glynn v. Phetteplace*, 26 Id. 383; *Davis v. Merrill*, 51 Id. 480; *Gardiner v. Fargo*, 58 Id. 72.