CAMPBELL v. BANE.

1. PARTNERSHIP—REMEDIES INTER SE—MORTGAGES—FORECLOSURE.
   A sale by one member of a firm to his copartners of all his "right, title, and interest" in and to "all the assets" of the copartnership will pass title to a promissory note and collateral mortgage given to the firm by the retiring partner, and the mortgage may be foreclosed without an adjustment of the partnership accounts.

2. MORTGAGE FORECLOSURE—PARTIES—SUBSEQUENT LIENHOLDERS.
   A subsequent lienholder is a proper party defendant to a bill to foreclose a mortgage, of the existence of which the mortgagee claims that the lienholder had actual notice before his lien attached, although the mortgage was not recorded until afterwards.

Appeal from Clinton; Daboll, J.   Submitted November 22, 1898.   Decided December 13, 1898.

Bill by Oliver B. Campbell and Thomas P. Steadman against George Bane, impleaded with Horace N. Keys and Antha D. Keys, to foreclose a mortgage.  From an order overruling a demurrer to the bill, defendant appeals. Affirmed.

The bill contains the following allegations: Complainants are partners engaged in a banking business at Elsie, Mich.   Defendant Horace N. Keys was once associated with them in the same business, carried on in the name of the Elsie Bank.   January 2, 1894, Keys became indebted to the firm for $2,645, for which he gave his note, payable to the order of T. P. Steadman, cashier.   February 19, 1897, Keys and his wife, the defendant Antha, executed a mortgage to the firm ( Campbell, Keys & Steadman ), for the consideration of $1,000, as collateral security to the note above mentioned.   May 3, 1897, the mortgage was recorded.   Complainants are the sole owners of said note ·

and mortgage; said Keys having, on April 15, 1897, "sold and transferred all his right, title, and interest in and to all the assets of the copartnership known as Campbell, Keys & Steadman" to them. Keys has no interest in or title to said mortgage. Defendant Bane has, or claims to have, some interest in said premises, as judgment creditor, which has accrued subsequent to the delivery of the said mortgage, and is subject thereto.

The bill then sets out an attachment suit commenced April 28, 1897, under which defendant Bane claims his interest. The bill further alleges that Bane had notice, prior to the levy. of his said attachment, of the existence of said mortgage, and knew that it was a valid and substantial lien upon the said premises. Defendant Bane demurred, alleging as grounds for the demurrer:

(1) Want of equity in the bill.

(2) Multifariousness and misjoinder.

(3) The inability to try his adverse claim of paramount title in a foreclosure suit.

(4) Want of privity between complainants and Bane to justify any relief against him.

The demurrer was overruled, and defendant appeals.

*Fedewa & Walbridge*, for complainants.

*Almond G. Shepard* and *Edwin H. Lyon*, for defendant.

GRANT, C. J. (*after stating the facts*). 1. The main contention is that, under the allegations of the bill, there has been no final adjustment of the partnership accounts between complainants and Keys, and therefore the suit will not lie, because it is against a member of the firm. In support of their position, counsel cite *Gardiner* v. *Fargo,* 58 Mich. 72. In that case, which was a suit at law, one partner, Gardiner, sold his interest in all the goods, personal property, fixtures, book accounts, of every kind and nature, of the firm of Gardiner & Fargo, to the firm of Fargo & Peck. It was held that the indebtedness of Gardiner to the firm was not included in the bill of

sale. The language in the present case is far more comprehensive. Keys had acknowledged himself indebted to the firm, and had given it a note and mortgage. This was one of the assets of the copartnership. By the arrangement set out in the bill, the partnership was dissolved. Keys ceased to be a member, and transferred to the remaining partners his right, title, and interest in all the assets, which included his own note and mortgage. Under the allegations, all title in him passed to complainants, and lodged in them the power to proceed to enforce the collection, as though the mortgage had been given by a stranger to the firm. Partners may deal with each other as individuals, and, when they have so done, a suit at law to enforce the contract is applicable. *Carpenter* v. *Greenop*, 74 Mich. 664 (4 L. R. A. 241, 16 Am. St. Rep. 662); *Smith* v. *Kemp*, 92 Mich. 357. This is a suit in equity, and if Keys claimed payment, or that under the arrangement it was necessary for a partnership accounting in order to determine the amount due upon his note and mortgage, he could file an answer in the nature of a cross-bill. Bane, as a subsequent purchaser or lienholder, has a right to redeem, and is also entitled to have the amount due upon the mortgage determined. The parties are not in a court of law, but in equity, where all their rights can be protected.

2. Under the allegations of the bill, Bane is a subsequent lienholder, and, under the statute, is a proper party defendant. The case of *Dickerson* v. *Uhl*, 71 Mich. 398, has no application, because there the claim of the defendants antedated the mortgage which was in process of foreclosure. In the present case Bane's lien is subsequent in date, and his right of priority must be determined by the fact of actual notice of the existence of the mortgage. The statute providing for foreclosure suits contemplates the settlement of just such suits.

The decree is affirmed, and the case remanded, with leave to the defendant to answer in accordance with the rules and practices of the court.

The other Justices concurred.