TALGE MAHOGANY CO. *v.* LINDNER INTERIOR MANU-
FACTURING CO.

1. SALES—CONTRACT, BREACH OF—RECOUPMENT.
  Evidence considered, and *held*, to support the finding of
  the circuit court, that defendant's claim of recoupment
  was not established by the testimony relating to accept-
  ance of the order or contract on which defendant relied.

2. APPEAL AND ERROR—FINDINGS—TRIAL WITHOUT JURY.
  Special findings of fact by the trial court, sitting without
  a jury, are to be considered in the nature of a special
  verdict: if supported by any evidence, they are conclusive.

Error to Superior Court of Grand Rapids; Stuart,
J. Submitted January 9, 1914. (Docket No. 19.)
Decided March 27, 1914.

Assumpsit by the Talge Mahogany Company
against the Lindner Interior Manufacturing Company
for goods sold and delivered. Judgment for plaintiff.
Defendant brings error. Affirmed.

*Clapperton, Owen & Hatten,* for appellant.
*Norris, McPherson & Harrington,* for appellee.

MOORE, J. The plaintiff is engaged in manufac-
turing lumber and veneers in Indianapolis, Ind. The
defendant is engaged in the manufacture of interior
wood finishing in Grand Rapids. The suit was
brought to recover a balance claimed to be due for
lumber and veneers furnished. The defendant plead-
ed the general issue and gave notice of recoupment.
The case was tried before the court without a jury.
From a judgment in favor of the plaintiff the case is
brought here by writ of error.

Upon the trial the following stipulation was filed:

"It is stipulated and agreed herein that the following facts are true, and that no other evidence than this stipulation need be offered on the trial of this case in respect to the same: (1) That the plaintiff is a corporation organized under the laws of the State of Indiana; (2) that the defendant is a corporation organized under the laws of Michigan; (3) that on the several dates hereinafter mentioned plaintiff shipped to defendant, and defendant received and accepted, certain lots of veneering shown below, * * * a total of $2,881.32; * * * that on or about December 29, 1909, defendant paid plaintiff the sum of $2,795.52, leaving a balance unadjusted of $85.80, which defendant claimed it should not pay by reason of the goods shipped having been damaged in transit; that on or about January 22, 1910, plaintiff shipped to defendant from Indianapolis, Ind., an invoice of veneering amounting to the sum of $268.95, and on March 10, 1910, plaintiff shipped to the defendant from Indianapolis, Ind., another invoice of veneering amounting to the sum of $45.38, which invoices were received by the defendant in due course, and were thereafter to be paid for on 30 days' time, at the prices extended above; (7) all other matters in issue herein not herein stipulated are left open to such proofs as the parties hereto may desire to produce. Plaintiff rested."

The defendant then put in testimony which it is claimed entitled it to recoup for a large sum in the way of damages. The trial judge made a written finding as follows:

"*First.* That the plaintiff has proved a sale and delivery by it to the defendant of the several items set forth in its bill of particulars.

"*Second.* That the defendant has not made out its defense to either of said items of plaintiff's demand, as set forth in its plea and notice. That plaintiff never accepted defendant's order for lumber and veneers, as set forth in said plea and notice, and that no contract was ever entered into in regard thereto as claimed by defendant."

It is the claim of the appellant that these findings are not supported by the evidence.

The claim of defendant, briefly stated, is that in response to a letter of inquiry sent by it to the plaintiff, the resident manager of plaintiff, at Grand Rapids, Mr. Dana, called upon it, when the following paper was made in duplicate:

"March 5th, 1910, Grand Rapids, Mich.

8,000 ft., lineal, 3/16x6 in. wide, 7 ft. or 14 ft. lengths, ¼ W. oak, $30.00.

3,900 ft., lineal, 3/16x10 in. wide, 10 ft. and up in lengths, ¼ W. oak, $35.00.

5,800 ft., lineal, 3/16x6 in. wide, 7 ft. or 14 ft. lengths plain birch, $20.00.

2,980 ft., lineal, 3/16x10 in. wide, 10 ft. and up in lengths, plain birch, $20.00.

20 pieces 1/20x12 in. 4 ft. 6 in. curly birch ⎫
12 pieces 1/20x 8 in. 4 ft. 6 in curly birch ⎪ $25.00
184 pieces 1/20x 8 in. 4 ft. 2 in. curly birch ⎬
28 pieces 1/20x10 in. 4 ft. 2 in. curly birch ⎭

4 pieces 1/20x10 in. 4 ft. 6 in. ¼ sawed white oak ⎫
32 pieces 1/20x10 in. 4 ft. 2 in. ¼ sawed white oak ⎪
12 pieces 1/20x 8 in. 4 ft. 6 in. ¼ sawed white oak ⎬ $18.00.
472 pieces 1/20x 8 in. 4 ft. 2 in. ¼ sawed white oak ⎪
60 pieces 1/20x12 in. 4 ft. 2 in. ¼ sawed white oak ⎭

"Lindner Interior Mfg. Co.

"Ordered from Talge Co., 3—4—10.

"H. A. DANA."

It is the further claim of appellant that defendant signed one paper and delivered the same to Mr. Dana, to be forwarded to plaintiff, and the other was signed by Mr. Dana and was retained by defendant, and that this made a complete order and acceptance. It is the further claim that, even if this is not so, after the order was forwarded, it was accepted by the plaintiff manufacturing and sending on part of the order.

On the part of the plaintiff it is claimed that while Mr. Dana had authority to take orders and quote prices which must be accepted before plaintiff was bound, he had not authority to make contracts, and

that defendant knew of these facts. Mr. Dana testified that neither party supposed the paper was anything more than an order. It is also claimed by the plaintiff that defendant was promptly notified that the entire order could not be filled at the prices stated.

The oral testimony was in sharp conflict. The parties are not agreed as to the construction to be given to the correspondence which passed between them. It will be observed that the so-called contract uses the word "ordered," and does not use the words "purchased" or "contracted." No time is mentioned therein when the lumber must be sent. It does not say how the lumber must be manufactured, nor where it is to be delivered. It is silent about for what the lumber is to be used. No written acceptance of this order was sent. March 8, 1910, plaintiff wrote Dana refusing the order, and sending to him a memorandum of how it would accept. Dana says he showed it to Lindner when he received it. Lindner denies seeing this letter.

The following telegram was sent:

"GRAND RAPIDS, MICH., March 8.
"TALGE MAHOGANY CO.,
     "Indianapolis, Indiana.
"When will you ship birch and quartered white oak veneers per order given your Mr. Dana?
                              "LINDNER INTERIOR MFG. CO."

The reply was as follows:

"INDIANAPOLIS, IND., March 8/10.
"LINDNER INTERIOR FINISH CO.,
          "Grand Rapids., Mich.
"Twentieth portion satisfactory three sixteenth conditions hard have written Dana manufacturing stock however expecting your cooperation.
                              "TALGE MAHOGANY CO."

No reply was sent to this telegram.
The following was sent and received:
179 MICH.—39.

"INDIANAPOLIS, March 11, 1910.
"LINDNER INTERIOR MFG. CO.,
        "Grand Rapids., Mich.
*"Gentlemen:*
"We wrote Mr. Dana fully about the veneers and
after writing discovered that he would not be in
Grand Rapids until Saturday.    *    *    *
"We will be delayed some upon the 3/16 in. oak,
but we are doing the best we can and it may be the
middle of the week before this goes out, giving you
ample time to decide whether you will take it in flitch
stock or dimensioned but we cannot make it for less
money than the price stated in our letter to Mr. Dana.
"The writer has been personally in the mill and
watched this stock with all possible care and hope that
we may please you.
                "Yours very truly,
                "THE TALGE MAHOGANY CO."

The following telegrams were sent and received:

                "INDIANAPOLIS, IND., March 12/10.
"LINDNER INTERIOR FINISH CO.,
        "Grand Rapids., Mich.
"Cannot furnish three-sixteenths oak your specifi-
cations; stock will not suit you, prefer not attempting.
Birch ready Monday.   Your values applicable.
                "TALGE MAHOGANY CO."

                "March 12/10.
"TALGE MAHOGANY CO.,
        "Indianapolis, Ind.
"Telegram received.   You must fill order given you
or stand loss by delay.              L. I. M. CO."

                "INDIANAPOLIS, IND., Mar. 12th, 1910.
"LINDNER INTERIOR F. CO.,
        "Grand Rapids, Mich.
"You cannot force us to deliver goods on conditions
you make.   We now consider whole affair dropped.
                "TALGE MAHOGANY CO."

Other correspondence followed which it is not
necessary to quote.
It has been repeatedly held by this court that spe-
cial findings of fact by the trial court are to be con-

sidered in the nature of a special verdict; and, if the evidence has some tendency to support the findings, they are controlling. *Lovell* v. *Willard,* 28 Mich. 346; *Shotwell* v. *Harrison,* 30 Mich. 179; *Neumann* v. *Mining Co.,* 57 Mich. 97 (23 N. W. 600); *Thompson* v. *Holman,* 77 Mich. 134 (43 N. W. 770); *Lobdell* v. *Baldwin,* 93 Mich. 569 (53 N. W. 730).

What we have stated as shown by the record discloses an entire justification of the trial court in the findings made.

Judgment is affirmed.

MCALVAY, C. J., and BROOKE, KUHN, STONE, OSTRANDER, BIRD, and STEERE, JJ., concurred.